IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALEX T.,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security<br><br>    Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:19-cv-00436-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Plaintiff Alex T., alleging disability due to various mental impairments, applied for Disability Insurance Benefits (DIB) under Title II of the Social Security Act[1] sometime in late 2015.[2] Plaintiff's application was denied both upon initial examination and reconsideration.[3] In July 2016, Plaintiff requested a hearing before an Administrative Law Judge (ALJ),[4] which occurred on June 26, 2018.[5] The ALJ issued a written decision on August 8, 2018 denying Plaintiff's claim for DIB.[6] The Appeals Council further denied Plaintiff's request for review on April 26, 2019, making the ALJ's decision final for purposes of judicial review.[7] On June 24, 2019, Plaintiff filed his Complaint in this case seeking review of Defendant Commissioner Andrew M. Saul's final decision.[8]

---

[1] 42 U.S.C. §§ 401–434.

[2] Dkt. 10, Administrative Record (AR) at 161–68.

[3] AR at 67, 79.

[4] AR at 103–04.

[5] AR at 30–59.

[6] AR at 13–29.

[7] AR at 1–9.  *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

[8] Dkt. 2 (Complaint).

After thoroughly reviewing the Administrative Record and discussing the applicable caselaw, Magistrate Judge Jared Bennett issued a Report and Recommendation (the Report) recommending the undersigned reverse and remand the Commissioner's decision for two reasons: (1) the ALJ erred by failing to resolve a conflict between the vocational expert's testimony and the Dictionary of Occupational Titles; and (2) the ALJ erred by failing to include any mental functional limitations in Plaintiff's residual functional capacity and the hypothetical posed to the vocation expert.[9]

Federal Rule of Civil Procedure 72(b)(2) allows parties to file "specific written objections to the proposed findings and recommendations" within fourteen days after being served with a copy of the recommended disposition. When no objections are filed, the Supreme Court has suggested no further review by the district court is required, but nor is it precluded.[10] This court reviews for clear error any report and recommendation to which no objections have been raised.[11]

Neither party has objected to the Report. Accordingly, this court reviews the Report for clear error. Having carefully considered the Report, the court finds no clear error. Thus, the court ADOPTS the Report in full. For the reasons set forth in the Report, the Commissioner's decision in this case is REVERSED AND REMANDED. The Clerk of Court is directed to close this case.

---

[9] Dkt. 29 at 4, 17.

[10] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

[11] *See, e.g.*, *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error.") (citations omitted); *see also* Fed. R. Civ. P. 72(b) Advisory Committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

3

SO ORDERED this 21st day of September 2020.

                                                          BY THE COURT:

                                                          ROBERT J. SHELBY
                                                          United States Chief District Judge